# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| NEXT LEVEL RACING LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DR globalTech, Inc., a Delaware corporation; Digital River, Inc., a Delaware corporation; and Realization Services, Inc., a New York corporation,<br><br>Defendants. | Case No. 25-cv-0747<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff NEXT LEVEL RACING LLC ("Next Level Racing"), for its Complaint against DR GLOBAL TECH, INC. ("DR"), DIGITAL RIVER, INC. ("Digital River"), and REALIZATION SERVICES, INC. ("Realization Services") (collectively, "Defendants"), alleges as follows:

## PARTIES

1. Next Level Racing is a Nevada limited liability company having a business address of 4585 Dean Martin Drive, Las Vegas, Nevada 89103. Next Level Racing is the United States subsidiary of corporate parent Next Level Racing Simulations Pty Ltd, an Australian company.

2. Upon information and belief, DR is a Delaware corporation having a business address of 10380 Bren Road West, Minnetonka, MN 55343.

3. Upon information and belief, Digital River is also a Delaware corporation with its principal place of business of 10380 Bren Road West, Minnetonka, MN 55343.

4. Upon information and belief, Digital River is the corporate parent and sole owner of DR. Upon information and belief, Digital River exercised complete domination of DR with respect to DR's servicing of, correspondence regarding, termination of, and breaches of the Agreement, as further discussed below. Upon information and belief, Digital River's domination of DR with respect to its relationship with Next Level Racing was used to commit a fraud or wrong against Next Level Racing which resulted in Next Level Racing's injury.

5. Digital River is alleged to be the alter ego of its subsidiaries, including DR. Upon information and belief, a unity of interest between Digital River and DR exists, exemplified by the following, without limitation: (i) failure to adhere to formalities; (ii) comingling of assets; (iii) inadequate capitalization. Recognition of the privilege of separate existence would promote injustice.

6. Realization Services is a New York corporation with a stated business address of 124 Davids Hill Road, Bedford Hills, New York.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1332 and/or 1367 because there is complete diversity among Next Level Racing

and Defendants; the amount in controversy exceeds $75,000, exclusive of interest and costs; and, because Next Level Racing and Digital River contractually submitted to the personal and exclusive jurisdiction of the courts located in Hennepin County, Minnesota for any dispute arising out of or related to arising out of or related to their Agreement, as discussed and defined below.

8. This Court has personal jurisdiction over DR and Digital River because their principal place of business is in this judicial district and because DR and Next Level Racing contractually submitted to the personal and exclusive jurisdiction of the courts located in Hennepin County, Minnesota for any dispute arising out of or related to their Agreement, as discussed and defined below.

9. Realization Services' acts and omissions, as discussed in detail below, have rendered it subject to the personal jurisdiction of this Court.

10. Venue is proper in this District pursuant to at least 28 U.S.C. § 1391, because a substantial portion of the events or omissions giving rise to Next Level Racing's Complaint occurred within the judicial district of the of the United States District Court for the District of Minnesota and because the parties contractually submitted to the personal and exclusive jurisdiction of the courts located in Hennepin County, Minnesota for any dispute arising out of or related to their Agreement, as discussed and defined below.

## RELEVANT FACTS

I.  <u>Next Level Racing, on One Hand, and DR and Digital River, on the Other Hand, Enter into the Agreement</u>

11.  Next Level Racing, together with its parent and affiliate companies, develops, manufacturers, and sells racing and flight simulation products, such as gaming racing seats, racing stands, flight simulation cockpits and seats, motion platforms, and related accessories.

12.  DR and Digital River, among other things, contract with companies, like Australia-based Next Level Racing, to provide e-commerce services.  More specifically, Digital River contracted with Next Level Racing to act as the merchant and seller of record for e-commerce products sold to end consumers in the United States, thereby managing the sales tax, VAT, and GST tax for Next Level Racing, and then remitting payment to Next Level Racing after removing applicable taxes and Digital River's agreed-upon fee.

13.  Next Level Racing and DR entered into Order Form #1 with an effective date of June 28, 2021.  A true and accurate copy of a fully-executed Order Form #1 is attached hereto as <u>Exhibit 1</u>.

14.  Order Form #1 incorporated by reference various other terms located on Digital River's website, including DR's Terms and Conditions.  On information and belief, a true and accurate copy of the Terms and Conditions effective as of June 28, 2021 is attached hereto as <u>Exhibit 2</u>.

15. Next Level Racing and DR modified certain provisions of Order Form #1 by agreeing to and executing Order Form #2, which has an effective date of May 16, 2022. A true and accurate copy of a fully-executed Order Form #2 is attached hereto as <u>Exhibit 3</u>.

16. Order Form #2 amended the timing of Digital River and DR's payment obligations. More specifically, per Order Form #2, Digital River and DR must initiate payment to Next Level Racing for (i) the transactions processed from the 1st to the 15th of each calendar month, on the last calendar day of that month and (ii) the transactions from the 16th through the end of the month, on the 15th of the subsequent month.

17. Any terms of Order Form #1 not modified by Order Form #2 remained unchanged and in full force and effect. On information and belief, a true and accurate copy of the Terms and Conditions on DR's website as of May 16, 2022 is attached hereto as <u>Exhibit 4</u>.

18. Digital River and DR do not distinguish between themselves to customers. For example, on its website, Digital River states that it, ***together with its subsidiaries***, provides compliance, fraud, tax and payment services for its customers like Next Level Racing. The main purpose of its subsidiaries is to handle the purchases by the consumers. *See* https://store.digitalriver.com/store/defaults/en_US/DisplayDRAboutDigitalRiverPa

ge. (last visited February 4, 2025) ("Digital River, Inc. and its subsidiaries is a world-class online global reseller services provider. We provide essential compliance, fraud, tax and payment services to the suppliers and manufacturer of goods and services. When we make products and service rights available for sale, we do so in our name as an authorized reseller on behalf of our clients. Digital River, Inc. and the subsidiary that handles your purchase are controllers of any personal data processed in connection with your transaction.").

19. Order Form #1, Order Form #2, and the Terms and Conditions on Digital River and DR's website as of May 16, 2022 collectively form the written agreement between Next Level Racing, on one hand, and DR and Digital River, on the other hand (the "Agreement").

20. Next Level Racing did not agree to nor have knowledge of any updated or modified Terms and Conditions on Digital River and DR's website after May 16, 2022. Paragraph 1.19 of the May 16, 2022 Terms and Conditions (*see* Exhibit 4) states that "Amendments may only be made by a written agreement in an Order Form executed by authorized officers of both parties and by us in accordance with Section 1.16." Next Level Racing never signed such an amendment.

II.   DR Terminates the Agreement

21. On or about August 30, 2024, Digital River and DR notified Next Level Racing that the Agreement would be terminated on November 30, 2024. In a

termination communication, Digital River and DR represented that "Digital River was recently acquired" and they would "not be able to continue with our partnership under our new strategic direction."

22. At this point in time, Digital River and DR already owed Next Level Racing approximately $200,000.00.

23. By late October 2024, Next Level Racing had still not received payments from Digital River and DR for outstanding amounts owed to Next Level Racing. Digital River and DR represented to Next Level Racing that, under the Agreement, Digital River and DR were entitled to temporarily hold back an offset of $308,510.00 but had promised it "initiated payments for certain outstanding accounts payable." Digital River and DR also claimed that it had the right to hold the $308,510.00 offset amount for six months after the termination of the contract. There is no lawful basis, contractual or otherwise, for Digital River and/or DR to hold back the $308,510.00 amount, as there are no potential liabilities or any other justification, and Digital River and/or DR have refused to release any funds from the withheld amount.

24. Notwithstanding the legitimacy of Digital River and DR's position that they had the right to hold back $308,510.00 for six months after termination of the Agreement, they owed, and continue to owe, Next Level Racing approximately $900,000.

25. Despite Digital River and DR's representation that payments had been initiated back in late October 2024, Next Level Racing has not received payment for the outstanding amounts owed to Next Level Racing by Digital River and/or DR.

III. <u>Realization Services, Digital River, and DR Conspired to Keep Money Owed to Next Level Racing</u>

26. On information and belief, in or about July 2024, Realization Services acquired Digital River and its subsidiaries, including DR. Realization Services is owned by Barry Kasoff. After this acquisition, Mr. Kasoff became the Chief Executive Officer of Digital River.

27. Next Level Racing did not receive notice of this acquisition or Mr. Kasoff's new role with Digital River or the acquisition by Realization Services.

28. Realization Services is a consulting firm specializing in turnaround management, which includes the strategic, financial and operational aspects of company turnarounds, interim operating management, liquidations, bankruptcy, and investment banking.

29. Upon information and belief, Digital River and DR were already experiencing severe financial difficulties before sending Next Level Racing the August 30, 2024 termination communication. In 2024, it was reported that (i) Digital River had failed to pay numerous merchants beginning in at least July 2024 while continuing to take sales from the same customers, (ii) a financial filing for the Digital River UK subsidiary contained an audit report that identified potential financial

problems that threatened Digital River's ongoing viability as a business, and (iii) Digital River began a reduction of its employees as early as late 2022 due to financial issues.

30. Upon information and belief, due to these financial difficulties, Digital River and DR relied on Realization Services for strategic and financial advice.

31. Upon information and belief, Realization Services advised Digital River and DR to terminate its contract with Next Level Racing and withhold payments due to Next Level Racing.

32. Upon information and belief, when Digital River and DR sent its August 30, 2024 termination communication, they had no intention of honoring its payment obligations to Next Level Racing under the Agreement and yet continued to collect money from Next Level Racing's consumers as Next Level Racing's purported agent. Upon information and belief, a European company's CEO posted on LinkedIn that Digital River had been "pre-signing" revised Master Services Agreements for customers without the customers' approval, to include more favorable terms for additional fees and delayed payments to the merchants. Upon information and belief, Digital River and DR had engaged in the same course of action with other merchants. Digital River has since announced that it intends to close its Minnesota operations next month, and it has already initiated liquidation proceedings in Ireland and Germany.

33. In sum, as of the August 30, 2024 termination communication, Digital River and DR owed Next Level Racing approximately $200,000. Digital River and DR, under Realization Service's ownership and guidance, continued to collect funds on Next Level Racing's behalf through the end of the contract without remitting any such funds and, on information and belief, with no intent to honor Digital River and DR's contractual payment obligations. This resulted in the outstanding balance ballooning to the approximately $900,000 that continues to be due.

## COUNT I
### (Breach of Contract)
### Against DR and Digital River

34. Next Level Racing repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in the foregoing paragraphs.

35. The Agreement is a valid and binding contract between Next Level Racing, on one hand, and DR and Digital River, on the other.

36. Next Level Racing performed all of its material obligations under the Agreement.

37. DR and Digital River have materially breached the Agreement by unilaterally withholding payments due to Next Level Racing that amount to approximately $900,000.

38. As a direct and proximate result of DR and Digital River's ongoing breach, Next Level Racing has suffered and continues to suffer damages. Next Level

Racing is entitled to an award of damages that will fully compensate Next Level Racing for the harm caused by DR and Digital River's ongoing breaches as described above, together with such other relief as the Court deems appropriate under the circumstances.

## COUNT II
### (Conversion)
### Against DR and Digital River

39. Next Level Racing repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in the foregoing paragraphs.

40. DR and Digital River sold Next Level Racing products and collected money from those sales as an agent for Next Level Racing. DR and Digital River have refused to pay Next Level Racing the approximately $900,000 owed to it from these sales of Next Level Racing's products under the Agreement.

41. Upon information and belief, DR and Digital River, prior to the commencement of this action, wrongfully sold, transferred, hidden, concealed, disposed of, and interfered with Next Level Racing's right to possession of or otherwise converted the money collected from sales of Next Level Racing products for their own use.

42. DR and Digital River have no legal ownership or right, contractual or otherwise, to possess the money owed to Next Level Racing or further delay

payment. Their refusal to pay Next Level Racing constitutes a breach of their Agreement.

43. DR and Digital River has exercised, and continues to exercise, an unauthorized dominion over the money belonging to Next Level Racing, despite Next Level Racing's demands for payment.

44. Next Level Racing is entitled to recover from DR and Digital River the money owed to it from when it was due and, thus converted, with interest from that time, plus compensation for the time and money expended by Next Level Racing in pursuit of the money owed, all according to proof at the time of trial or judgment.

45. Upon information and belief, said conduct of DR and Digital River, and each of them, was fraudulent, intentional, oppressive, and malicious, and in conscious disregard of the rights of Next Level Racing herein. DR and Digital River has refused to surrender possession of the money owed to Next Level Racing despite Next Level Racing's demands. DR and Digital River, and each of them, have acted in concert with each other to prevent Next Level Racing from receiving the money owed to it despite knowing and admitting that Next Level Racing is the rightful owner of said money. Next Level Racing is therefore entitled to punitive damages against DR and Digital River, and each of them, in an amount to be shown at trial.

## COUNT THREE
## (Fraud)
## Against DR and Digital River

46. Next Level Racing repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in the foregoing paragraphs.

47. At the time Digital River and DR made the foregoing promises and representations to Next Level Racing, including as alleged in Paragraphs 23-25 above, those promises and representations were false, and Digital River and DR, and their authorized representatives and agents, and each of them, knew or should have known that said promises and representations were false.

48. DR and Digital River sold Next Level Racing products and collected money from those sales as an agent for Next Level Racing. Before the termination of the agreement between the parties, DR and Digital River promised to forward payments to Next Level Racing all amounts owed to Next Level Racing pursuant to their contractual relationship.

49. On or about August 30, 2024, Digital River and DR notified Next Level Racing that the Agreement would be terminated on November 30, 2024. Even after providing notice of termination of the agreement between them, DR and Digital River continued to collect amounts from consumers while promising that contractual amounts owed to Next Level Racing would be paid.

50. DR and Digital River have refused to pay Next Level Racing the approximately $900,000 owed to it from sales of Next Level Racing's products.

51. Alternatively, Digital River and DR, and their authorized representatives and agents, and each of them, lacked sufficient knowledge as to the truth or falsity of said representatives to form a reasonable ground for believing said promises and representations to be true. Nonetheless Digital River and DR made these promise and representations with the intent to induce Next Level Racing to continue to perform under the Agreement, including providing Next Level Racing products for which Digital River and DR did not intend to pay, and did not pay.

52. At the time these promises and representations to provide payment to Next Level Racing were made, and continuing through and until approximately January 31, 2025, when Next Level Racing learned that Digital River intended on laying off more than 100 employees and closing its headquarters, Next Level Racing was unaware of the falsity of Digital River and DR's promises and representations, and justifiably relied on the foregoing written and oral representations of Digital River and DR. Had Next Level Racing known the true facts, it would not have acted as it did.

53. As a direct and proximate result of the acts and omissions of Digital River and DR, as alleged herein, Next Level Racing has suffered damages in that neither the whole nor any part of the sum due it has been paid, although demand

therefor has been made, and there is now due, owing and unpaid a sum of approximately $900,000, with interest thereon at the legal rate.

54. Further, the fraudulent conduct of Digital River and DR was an intentional misrepresentation, deceit, or concealment of a material fact known to Digital River and DR with the intention on the part of Digital River and DR of thereby depriving Next Level Racing of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Next Level Racing to a cruel and unjust hardship in conscious disregard of Next Level Racing's rights, so as to justify an award of exemplary and punitive damages.

**COUNT FOUR**
**(Tortious Interference with Contractual Relations)**
**Against Realization Services**

55. Next Level Racing repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in the foregoing paragraphs.

56. At all material times, Realization Services was aware of Next Level Racing's valid and enforceable Agreement with DR and Digital River.

57. Upon information and belief, in or about July 2024, Realization Services acquired Digital River, the parent corporation of DR, and thus also acquired DR. Realization Services, as Digital River and DR's owner, advised and caused DR and Digital River to breach their Agreement with Next Level Racing.

58. Realization Services, through its wrongful acts and conduct alleged herein, intended to and did cause a disruption of DR and Digital River's contractual relationship with Next Level Racing. Among other things, Realization Services' conduct caused DR and Digital River to breach its Agreement with Next Level Racing, and for Next Level Racing to be unable to obtain the benefit of its bargain with DR and Digital River, namely the payment of approximately $900,000 for Next Level Racing products sold.

59. Upon information and belief, keeping the nearly $900,000 owed to Next Level Racing ultimately and wrongfully benefited Realization Services as the owner of Digital River and DR.

60. As a proximate result of the wrongful and unjustified acts of Realization Services, as alleged in this Complaint, Next Level Racing has sustained and will continue to sustain substantial damages in excess of $900,000.

61. The wrongful conduct of Realization Services was a substantial factor in causing harm to Next Level Racing.

62. The wrongful conduct of Realization Services was fraudulent, willful, and/or malicious and demonstrates a complete indifference to or a conscious disregard for the rights of Next Level Racing, entitling Next Level Racing to an award of punitive damages.

## COUNT FIVE
### (Unfair Business Practices)
### Against All Defendants

63. Next Level Racing repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in the foregoing paragraphs.

64. This is a claim for unfair business practices arising under New York General Business Law Section 349 which prohibits unfair business practices.

65. Digital River and DR's conduct of coordinating payment, and collecting money, for the sale of Next Level Racing products and refusal to in turn pay Next Level Racing pursuant to their Agreement is an unfair and unlawful business practice in violation of New York General Business Law Section 349.

66. Realization Services' conduct of advising Digital River and DR to continue to collect money for the sale of Next Level Racing products and to refuse to pay Next Level Racing pursuant to their Agreement, all to Realization Services' benefit, is an unfair and unlawful business practice in violation of New York General Business Law Section 349.

67. As a proximate result of Defendants' acts alleged above, Next Level Racing has suffered, and will continue to suffer, damages. Thus, as a proximate result of Defendants' wrongful acts, Next Level Racing is entitled to restitution as provided for by New York General Business Law Section 349, and a constructive trust in which Defendants, as constructive trustee, holds income, profits, fees,

revenues, or other funds, received as a result of Defendants' wrongful acts alleged herein above, for Next Level Racing's benefit.

68. Pursuant to New York General Business Law Section 349, Next Level Racing seeks an order of this Court enjoining Defendants from continuing to engage in their unfair and unlawful business practices. Next Level Racing also seeks an order requiring Defendants to:

    a. Make full restitution of all monies wrongfully withheld;

    b. Immediately cease their unlawful acts and practices;

    c. Disgorge all ill-gotten revenues and/or profits; and

    d. Pay Next Level Racing treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Next Level Racing prays for judgment in its favor and against Defendants as follows:

1. For compensatory damages in an amount according to proof;

2. For general, special, and consequential damages according to proof;

3. For full restitution of all funds acquired from Defendants' unfair business practices, including disgorgement of profits according to proof and treble damages;

4. For imposition of a constructive trust upon all monies Defendants have acquired as a result of their unfair practices;

5. For pre-judgment and post-judgment interest;

6. For punitive and exemplary damages;

7. For all costs, expenses, and attorneys' fees incurred by Next Level Racing in connection with this action, and for all other costs, expenses, harm, and detriment of any type or nature proximately resulting from the claims alleged in the Complaint; and

8. For such other relief as the Court may deem just and proper.

Dated: February 27, 2025                    Respectfully submitted,

By: */s/ Benjamin W. Hulse*
Benjamin W. Hulse (MN #0390952)
Sheila S. Niaz (MN #0401884)
Norton Rose Fulbright US LLP
60 South Sixth Street, Suite 3100
Minneapolis, MN 55402
Phone: (612) 321-2800
ben.hulse@nortonrosefulbright.com
sheila.niaz@nortonrosefulbright.com

Shane M. Maguire (*pro hac vice* to be filed)
Jessica M. Wan (*pro hac vice* to be filed)
Ferguson Case Orr Paterson LLP
1050 South Kimball Road
Ventura, CA  93004
Phone: (805) 659-6800
smaguire@fcoplaw.com
jwan@fcoplaw.com

**Attorneys for Plaintiff Next Level Racing, LLC**